[Civ. No. 24745.   Second Dist., Div. One.   Jan. 17, 1961.]

ADMIRAL OIL COMPANY (a Corporation), as Trustee, etc., Appellant, v. MacDONALD LYNCH et al., Respondents.

Theodore G. Lee and Leslie B. Joseph for Appellant.

Forster & Gemmill, Stanley & Kirby and John G. Gemmill for Respondents.

WOOD, P. J.—Admiral Oil Company, "as Trustee," commenced this action (1) to set aside an assignment of oil leases and oil well equipment, (2) to establish that defendants are constructive trustees of said property for the benefit of plaintiff; (3) for an accounting, (4) for an injunction, and (5) for appointment of a receiver. The assignment was made by Admiral Oil Company to defendant Damar Production Company, a corporation. There were five alleged causes of action. It was alleged that defendants MacDonald Lynch and A. J. Bandy were copartners, and that Damar Production Company was the *alter ego* of MacDonald Lynch. Defendants MacDonald Lynch, Frances Lynch, and Damar Production Company demurred to the third amended complaint. The demurrer was sustained without leave to amend, and a judgment of dismissal with prejudice was entered. Plaintiff appeals from the decision and the judgment.

The principal question is whether the third amended complaint sufficiently alleges that plaintiff is the trustee of the trust referred to therein.

The allegations of the third amended complaint regarding a trust, and regarding the manner in which plaintiff became

trustee thereof, are substantially as follows: About February 3, 1958, a certain written Memorandum Trust Agreement was entered into between Pozo Grande Oil Company, a corporation, and Transline Oil Corporation, "as Trustee," and certain persons as beneficiaries. A copy of the agreement is attached to the complaint, marked Exhibit "B," and made a part of the third amended complaint. About August 29, 1958, plaintiff became substituted trustee on behalf of the beneficiaries concerning the properties referred to in the third amended complaint "in that all beneficiaries and defendants MAC-DONALD LYNCH and A. J. BANDY were aware that POZO GRANDE OIL COMPANY and TRANSLINE OIL CORP. were unable to act as Trustees concerning said properties; that all parties, before signing the aforesaid Memorandum Trust Agreement [Exhibit "B"] orally agreed that ADMIRAL OIL COMPANY [plaintiff] should act as Trustee; that subsequently thereto, ADMIRAL OIL COMPANY, by proper resolution, entered upon its duties as such Trustee in reliance upon the said oral agreement and representations by the beneficiaries and defendants MAC-DONALD LYNCH and A. J. BANDY; that furthermore, defendants MACDONALD LYNCH and A. J. BANDY ratified the substitution of ADMIRAL OIL COMPANY as Trustee in that they accepted the assignment as aforesaid; that by reason of said agreement and ratification defendants MACDONALD LYNCH and A. J. BANDY are estopped from denying plaintiff is not the substituted Trustee, as aforesaid."

The trustees named in the memorandum trust agreement are Pozo Grande Oil Company and Transline Oil Corporation. The provision of the agreement with respect to substitution of trustees is as follows: ". . . a new trustee may be substituted in place of the existing named Trustee with the written consent of 100% of the designated beneficiaries or their assigns first had and obtained." Plaintiff did not allege that it was substituted as trustee with such written consent or with the written consent of any designated beneficiaries or assigns. The allegations with respect to the substitution of plaintiff as trustee were, in effect, that although Pozo Grande Oil Company and Transline Oil Corporation were named as trustees in the written trust agreement (and plaintiff Admiral Oil Company was not named therein), the plaintiff became the substituted trustee, about six months after making the written agreement, because the parties knew that the named trustees could not act and the parties had orally agreed *before signing* the trust

agreement that plaintiff should act as trustee; and further that defendants MacDonald Lynch and A. J. Bandy, by reason of their acceptance of "the assignment as aforesaid," ratified the substitution and are estopped to deny that plaintiff is the substituted trustee. In other words, the allegations were in part to the effect that about six months after the written agreement was made plaintiff became the substituted trustee by virtue of an oral agreement which was made prior to the written agreement. The allegation that the parties orally agreed before signing the agreement that plaintiff should act as trustee is not a sufficient allegation that plaintiff became the trustee under the agreement which was signed later and in which Pozo Grande Oil Company and Transline Oil Corporation are named as trustees. The prior oral agreement was not controlling as against the subsequent written agreement which was signed by the trustees and beneficiaries named therein. ■ In *Estate of Gaines,* 15 Cal.2d 255 [100 P.2d 1055], it was said at pages 264-265: "The parol evidence rule . . . is not a rule of evidence but is one of substantive law. . . . ■ The rule as applied to contracts is simply that as a matter of substantive law, a certain act, the act of embodying the complete terms of an agreement in a writing (the 'integration'), *becomes the contract of the parties. . . .* ■ Extrinsic evidence is excluded because it cannot serve to prove what the agreement was, this being determined as a matter of law to be the writing itself. ■ The rule comes into operation when there is a single and final memorial of the understanding of the parties. When that takes place, prior and contemporaneous negotiations, oral or written, are excluded; or, as it is sometimes said, the written memorial supersedes these prior or contemporaneous negotiations." (See also *Youngblood* v. *Silvagni,* 173 Cal.App.2d 731 [343 P.2d 951].)

■ With reference to ratification of the substitution of trustee and to estoppel to deny the substitution, plaintiff alleged that such ratification and estoppel occurred "in that" defendants MacDonald Lynch and A. J. Bandy "accepted the assignment as aforesaid." The only allegation regarding an assignment, which precedes the allegations regarding ratification and estoppel, is an allegation that Bank of America holds an "Assignment of Oil in Reserve" under the oil and gas leases as set forth in Exhibit "A" attached to the original complaint. That exhibit is an assignment, by Admiral Oil Company to Bank of America, of oil royalties as security for the payment of a note executed by Admiral Oil Company in

favor of the bank. Neither Lynch nor Bandy is a party to that assignment. The allegations which precede the reference to "assignment as aforesaid" are not sufficient allegations of ratification or estoppel.

It appears, however, that there were allegations "thereafter" in the third amended complaint regarding an assignment. Those allegations were to the effect that on August 29, 1958, the plaintiff as trustee for the beneficiaries acquired certain described oil well equipment and oil leases; that on November 5, 1958, the plaintiff made a written assignment of said property to defendants Damar Production Company and MacDonald Lynch, and a copy of said assignment is attached to the original complaint and made a part of the third amended complaint; that as the consideration for the assignment, in addition to the $25,000 stated in the assignment, the assignees orally promised to assume plaintiff's financial obligation to one Grable, and to pay certain escrow charges, and to deliver certain oil stock to plaintiff; that a confidential relationship existed between plaintiff and the defendants; that in order to induce plaintiff to transfer said property the defendants, in violation of the confidential relationship, failed to disclose that defendants had secretly received firm offers to purchase the property; that in reliance upon such confidence in defendants the plaintiff transferred said property to defendants; that on December 22, 1958, plaintiff rescinded all agreements concerning the assignment. It is to be noted that the assignment (a copy of which was attached to the complaint) did not state that the assignment was made by plaintiff (Admiral Oil Company) as trustee. The allegations which succeed the reference to "assignment as aforesaid" are not sufficient allegations of ratification of substitution of trustee or sufficient allegations of estoppel to deny such substitution. The allegations which precede the reference to "assignment as aforesaid" are not sufficient allegations of ratification or estoppel.

The allegations of the third amended complaint are not sufficient to allege that plaintiff Admiral Oil Company is the trustee under the memorandum trust agreement or trustee for the beneficiaries named therein. At the hearing on demurrer, plaintiff's counsel said that additional facts could not be alleged. The court did not err in sustaining the demurrer without leave to amend.

In view of the above conclusion, it is not necessary to discuss other contentions on appeal.

As above stated, plaintiff appeals from the decision and the judgment. An affirmance of the judgment carries with it an affirmance of the decision.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.